**SENTRY SELECT INSURANCE COMPANY; Lloyds Syndicates 588, 861 and 1209; Kelly–Ryan, Inc., Plaintiffs-Appellees,**

v.

**ALASKA NATIONAL INSURANCE COMPANY, Defendant-Appellant.**

No. 02–35968.

D.C. No. CV–01–01956–MJP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2003.

Decided July 31, 2003.

Before REAVLEY,* TASHIMA, and PAEZ, Circuit Judges.

### MEMORANDUM**

The district court granted an interlocutory declaratory judgment ruling that, with respect to the Okada accident, the P & I policy did not impose a duty to defend on Sentry Select Insurance Company (Sentry), and the MEL policy did impose a duty to defend on Alaska National Insurance Co. (Alaska). We have jurisdiction under 28 U.S.C. § 1292(a)(3), and affirm.

Sentry established as a matter of law that the accident occurred on dry land and was not related to the operation of the vessel insured by Sentry's policy. In *City and County of San Francisco v. Underwriters at Lloyds, London*, 141 F.3d 1371 (9th Cir.1998) (*CCSF*), we held that "as owner" coverage in a P&I policy "has been uniformly interpreted to mean that only liability connected with negligent operation of listed ships is covered." *Id.* at 1373. We cited as "a leading Fifth Circuit case" *Lanasse v. Travelers Insurance Co.*, 450 F.2d 580 (5th Cir.1971), which held that for an "as owner" P&I policy to apply to an accident, "[t]here must be at least some causal operational relation between the vessel and the resulting injury." *Id.* at 584.

In the pending case, Sentry moved for summary judgment and established as a matter of law that Okada's accident was not the result of the "negligent operation of listed ships" under *CCSF* and that there was no "causal operational relation between the vessel and the resulting injury" under *Lanasse.* The relationship with the operation of the vessel is even more tenuous in the pending case than in *Lanasse.* In *Lanasse,* the seaman was at least aboard the listed vessel, while in the pending case Okada was on dry land, assisting in the movement of a house that was unrelated to the operation of the insured vessel. In *CCSF*, the seaman was on a barge, but it was not a vessel listed in the policy.

Alaska tries to distinguish *Lanasse* on grounds that in the pending case the vessel captain was negligent. We do not read *Lanasse* to turn on whether the captain or crew of the vessel were negligent; the focus is on whether the negligent operation of the vessel caused the accident. Moreover, in *CCSF*, the Ninth Circuit accepted that the seaman's employer "failed to provide him with proper equipment or supervision," 141 F.3d at 1372, but nevertheless held that if the accident did not occur on a vessel listed in the policy and was not the result of the "negligent operation of listed ships," *id.* at 1373, there was no P&I coverage. Hence, even though Okada alleged that Kelly–Ryan failed to provide proper training and supervision, the claim is not covered by the P&I policy.

We cannot agree with Alaska insofar as it argues that the district court could not look beyond the allegations in the Okada complaint. We find no rule of procedure or substantive law which prohibited the district court, in this separate declaratory judgment action, from ruling as it did when the summary judgment record established that the P&I policy did not cover the Okada accident. This was, in fact, a classic example of a case where insurers should be allowed to litigate a coverage dispute in a separate declaratory judgment action before the final resolution of the underlying suit.

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

The allegations of the Okada complaint might affect whether Sentry had a duty to defend in the Okada case prior to the district court's summary judgment in the pending case, or prior to some other event such as Okada's abandonment of his unseaworthiness claim, and these allegations might affect whether Sentry can recover all of its costs of defense of the Okada suit from Alaska, but those issues are not before us in this interlocutory appeal.

Finally, we are not persuaded by Alaska's arguments regarding the intent of the parties, which do not alter the essential facts of the Okada accident establishing, under the prevailing authorities described above, that the P & I policy did not provide coverage.

AFFIRMED.

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts